[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15672
_____

D.C. Docket No. 2:11-cv-00053-SLB

JOHN KRIS MORRIS,

Plaintiff - Appellant,

versus

SEQUA CORPORATION, d.b.a. Precoat Metals,

Defendant - Appellee.
_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 2, 2014)

Before WILSON and JORDAN, Circuit Judges, and ROTHSTEIN,[*] District
Judge.

---

[*] Honorable Barbara Jacobs Rothstein, United States District Judge for the District of
Columbia, sitting by designation.

PER CURIAM:

Following review of the record, and with the benefit of oral argument, we reverse the district court's grant of summary judgment in favor of Sequa Corporation on John Kris Morris' claim of discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. Exercising *de novo* review, *see Holly v. Clairson Industries, L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007), we conclude there is a genuine issue of material fact as to whether Mr. Morris had "unequivocal notice" of his termination in September of 2008. *See Wright v. AmSouth Bancorp.*, 320 F.3d 1198, 1201-02 (11th Cir. 2003) (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1100 n.19 (11th Cir. 1996)).

Although Mr. Morris' application for unemployment benefits may support a finding that there was "unequivocal notice," other portions of the record could lead a reasonable jury to find that the opposite is true.  First, Dr. Rampulla's letter, which was sent at Sequa's request and indicated that Mr. Morris was capable of working without any limitation, *see* D.E. 39-3, allows for the reasonable inference that Mr. Morris believed that Sequa was in the process of deciding how to proceed after receiving that letter.  Second, Mr. Morris testified that he never received the August 22, 2008, letter Sequa sent to him, in which Sequa stated that if it did not receive a response within seven days, it would assume that Mr. Morris had abandoned his job. S*ee* D.E. 34-4 at 92.  Third, Sequa continued to keep Mr.

2

Morris' health care coverage in place until January of 2009, *see* D.E. 39-17, 39-18, and an insurance card was issued to him for that coverage in December of 2008. *See* D.E. 39-19.  Finally, the February 26, 2009, letter Mr. Morris received about COBRA continuation health care coverage reflects an "end of employment" date of January 27, 2009.  *See* D.E. 39-20 at 1.  In sum, it will be up to a jury to decide whether Mr. Morris had "unequivocal notice" of his termination in September of 2008, so as to determine whether his ADA claim is time-barred.

We recognize that the district court alternatively ruled on the merits in granting summary judgment. We do not, however, address the merits of the ADA claim at this time. The district court did not apply the ADA Amendments Act of 2008 in its ruling because of the court's determination that Mr. Morris' termination occurred in September of 2008. As we have indicated, there is a genuine issue of material fact about the date of the termination, and it may be that it occurred after January 1, 2009.  If so, the ADAAA may indeed apply to Mr. Morris' case.  *See Mazzeo v. Color Resolutions Int'l, LLC*, __ F.3d __, __, No. 12-10250, 2014 WL 1274070, at *2 (11th Cir. 2014)  ("Because the critical events  . . . took place after the ADAAA went into effect, we apply the post-ADAAA version of the ADA.").

We therefore reverse the grant of summary judgment and remand for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**